FILED
SUPERIOR COURT
OF GUAM

2019 JAN -8 PM 4: 35

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DIAMANTINO CONCEICAO,<br><br>     Plaintiff,<br><br>vs.<br><br>JESSIELYNN S.N. CONCEICAO,<br><br>     Defendant. | Domestic Case No. 0139-17<br><br>**DECISION AND ORDER** |

## INTRODUCTION

Defendant claims Plaintiff has not paid child support and moves for an Order to Show Cause, and Plaintiff moves to modify custody. This matter is before the Honorable Michael J. Bordallo. Plaintiff Diamantino Conceicao ("Plaintiff") is represented by Daniel S. Somerfleck, Esq. of Somerfleck & Associates, PLLC. Defendant Jessielynn S.N. Conceicao ("Defendant") is represented by Gary Wayne Francis Gumataotao, Esq. of the Law Offices of Gumataotao & Pole, P.C. After having received and reviewed the papers, arguments, and the file herein, the Court hereby **GRANTS** the Motion for Order to Show Cause. The Court temporarily **DECLINES TO DECIDE** the Motion to Modify Custody until after a custody study is completed.

# BACKGROUND

This matter arises out of Plaintiff's March 15, 2017 Complaint for Divorce. The couple separated in January 2017, and in summer 2017, Defendant moved to Hawaii with the parties' four minor children and Defendant's grandmother, the guardian of the oldest three children. On June 6, 2017, the Honorable Benjamin C. Sison, Jr., issued a bench order for Plaintiff to pay $150 monthly in temporary child support for the youngest child, J.C.S. (DOB 07/30/2009). Minutes from Hearing, Jun. 6, 2017. On April 4, 2018, a Superior Court of Guam referee ordered Plaintiff to pay $879.05 in monthly child support for all four children, beginning March 1, 2018, all payments to be made by wage assignment. CS0140-17, Findings and Order Re: Paternity Temporary Child Supp. Child Supp. Arrears Health Insurance (Apr. 4, 2018). On May 4, 2018, Defendant moved for an Order to Show Cause, claiming that Plaintiff was in contempt for failing to pay the full $150 per month in child support that was ordered from the bench on June 6, 2017. Order to Show Cause Re: Contempt. Defendant stated that Plaintiff paid $600, or four months of support, but "[t]he unpaid obligation has reached a principal balance of Six Hundred Dollars US ($600.00)." Id. at 2. On June 1, 2018, Plaintiff opposed the Motion for Order to Show Cause, claiming that he has paid $879.05 in monthly child support through wage assignment for all four children, pursuant to the order on Apr. 4. 2018, associated with child support case number CS0140-17. Opp'n to Def.'s Mot. For Order to Show Cause Re: Contempt and Mem. of P. & A.

Meanwhile, on May 18, 2018, Plaintiff moved to modify custody, seeking an order for pendente lite physical custody of the children until the matter goes to trial. Mot. to Modify Custody and Mem. of P. & A. On June 15, 2018, Defendant opposed the Motion to Modify Custody, arguing that the status quo is in the best interest of the children. Defendant also argues that the Court has no jurisdiction over the three oldest children since the maternal grandmother

has been appointed guardian, and therefore the Court could not modify their custody arrangement. Opp'n to Pl.'s Mot. For Custody.

## FACTS

1. Four children were born to Plaintiff and Defendant:

   a. J.G.S. (DOB 03/13/2003)
   b. D.S. (DOB 06/09/2004)
   c. J.R.S. (DOB 07/02/2006)
   d. J.C.S. (DOB 07/30/2009) (Compl. For Divorce 2)

2. The Court granted guardianship of the three oldest children to Defendant's parents, Jesus C. San Nicolas and Grabelina A. San Nicolas, in three separate orders when each child was an infant. The youngest child is still in the custody of the parties.

3. Defendant's parents were appointed guardians of J.G.S. (DOB 03/13/2003) on May 22, 2003. Juvenile Special Proceeding Case No. 0386-03, Order Appointing Guardian.

4. Defendant's parents were appointed guardians of D.S. (DOB 06/09/2004) on Oct. 21, 2004. Juvenile Special Proceeding Case No. 0758-04, Order Appointing Guardians.

5. Defendant's parents were appointed guardians of J.R.S. (DOB 07/02/2006) on Nov. 7, 2006. Juvenile Special Proceeding Case No. 0787-06, Order Appointing Guardians.

6. Plaintiff and Defendant have stated different marriage places and dates. Plaintiff states that the parties were married on Oct. 14, 2012 in Seoul, Korea. Compl. For Divorce 1. Defendant states that the parties were married on June 15, 2013 in Merizo, Guam. Answer & Countercl. 2.

7. In late January 2017, the couple separated, and around two months later, on Mar. 15, 2017, Plaintiff brought a complaint for divorce. Answer & Countercl. 2; Compl. For Divorce 1.

8. In approximately summer of 2017, Defendant moved to Hawaii with the four children, along with her mother, guardian of the three oldest children. Opp'n to Pl.'s Mot. for Custody 6.

## ISSUES

1. Whether Plaintiff should be required to show cause for not complying with a child support order.

2. Whether the Court has jurisdiction over the three oldest children.

3. Whether it is in the best interest of the child(ren) to modify custody.

## PRINCIPLES OF LAW

In 2003 the Guam Supreme Court explained the elements required for a court to find a party in contempt of a prior order. Rodriguez v. Rodriguez, 2003 Guam 8 ¶ 15. The Court held that, "[t]he elements of contempt are generally: 1) a valid order, 2) knowledge of the order, 3) ability to comply with the order, and 4) willful failure to comply with the order." *Id.* (citations omitted).

With regard to guardianship, "The power of a guardian appointed by a court is suspended only: (a) By order of the court; or (b) If the appointment was made solely because of the ward's minority, by his attaining majority; or (c) The guardianship over the person of the ward, by the marriage of the ward." 19 Guam Code Ann.§ 9114.

The Court's decisions regarding child custody are governed by Section 8404 of Title 19 of the Guam Code Annotated. 19 G.C.A. § 8404. It is well settled that the Court must establish the custody arrangement based on the best interests of the child. Id. at (a)(1). When determining

what is within the child's best interests, the Court may consider a multitude of factors, including what is best for that child's moral, physical, mental, and spiritual well-being. Id. at (a)(5); *see also* Howerton v. Howerton, 2004 Guam 8 ¶ 25 (providing additional factors to weigh in a custody decision, like the child's age, habits, schooling, and extra-curricular activities, and the parents' jobs and fitness). In addition to the best interests of the child, the Court must also consider the legislative preference for joint custody and the legislative policy that children should spend "as much time with each of their parents as possible when the parents are not living together." 19 G.C.A. § 8404 at (a)(8). "Title 19 of the Guam Code Annotated, read as a whole, reflects the legislature's underlying policy that whenever possible, the sanctity of family life should be preserved by the inclusion of both parents in the lives of their children." *Flores v. Cruz*, 1998 Guam 30 ¶ 11. The Lanzer court held that children are required to spend substantial time, but not necessarily equal time, with each parent in a joint physical custody arrangement,. Lanser v. Lanser 2003 ¶13. However, "The holding of Lanzer that equal time is not *required* under a joint custody plan does not affect the clear legislative policy that equal time is preferred," and equal time "should be granted to the greatest extent possible." Howerton, at ¶ 19. In order to deviate, the standard is clear: "A trial court may deviate from an equal time arrangement if it is within the child's best interests." Id. at ¶ 20.

## ANALYSIS

Plaintiff must show cause as to why he should not be held in contempt. Analyzing the facts in terms of the four-prong Rodriguez test, Plaintiff received a valid order from the Court on June 6, 2017 to pay $150 monthly in child support for his youngest child. Plaintiff knew of the order because he paid up to $600 worth of the child support payments, four months' worth. Plaintiff has not contended that he is unable to comply with the order, and yet he has not fully complied. Therefore, the Court will order Plaintiff to show cause as to why he did not fully

comply with the order from June 6, 2017 to determine if he should be held in contempt. This Court acknowledges Plaintiff's claim that he has been paying the $879.05 in child support ordered by a Superior Court of Guam referee on Apr. 4, 2018, but that order was issued ten months after the first child support order and does not include arrears. Complying with the second child support order cannot absolve him of failing to fully comply with the first child support order.

The three oldest children remain under the guardianship of Defendant's mother, and the Court has never terminated that guardianship. Consequently, this Court does not have jurisdiction to modify the custody arrangement of the oldest three children. If Plaintiff wishes for the Court to have jurisdiction to order custody with regard to the three oldest children, he should move for the Court to suspend the guardianship order. Meanwhile, the Court will address the request to modify custody only for the youngest child, nine-year-old J.C.S. (DOB 07/30/2009). That child has been living with Defendant in Hawaii for over a year, not pursuant to a court order or custody agreement. Instead, Defendant relocated with that child and the other three children a few months after separating with Plaintiff while the divorce was pending. Defendant claims that this living arrangement was the result of an agreement the parties reached privately, but Plaintiff disputes this. Considering that the child is of school age, this Court will allow the child to remain in the temporary physical custody of Defendant until the end of the school year. Meanwhile, the Court will order a custody study to determine what custody arrangement is in the child's best interest.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court **GRANTS** the Motion for Order to Show Cause. The Court temporarily **DECLINES TO DECIDE** on the Motion to Modify Custody. It is ORDERED:

1. Defendant's Motion for Order to Show Cause is granted, and Defendant may prepare an Order to Show Cause to be served upon Plaintiff.

2. Defendant will retain temporary physical custody of J.C.S. (DOB 07/30/2009) so that he may finish the school year in his current school.

3. A custody study will be conducted to determine the custody arrangement that is in the best interests of J.C.S. (DOB 07/30/2009).

4. The parties must undergo mediation with regard to the complaint for divorce and the subsequent counterclaim.

SO ORDERED, this ___8___ day of ___January___ 2019.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE BOX

I acknowledge a copy of the original hereto was placed in the court box on:

D. Sonen Rae
G. Gumataotao
Date: 1/8/19    4:40 p

Guam